UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>          Plaintiff,<br><br>     vs.<br><br>DOLLAR TREE STORES, INC., *et al.*<br><br>          Defendants.<br>_____/ | Case No. 1: 13-cv-01336-LJO-BAM<br><br>**ORDER TO SHOW CAUSE TO PARAMJIT SINGH AND RAVINDER SINGH** |

On December 19, 2013, the Court held an Initial Scheduling Conference. (Doc. 18.) Counsel Tanya Moore appeared telephonically on behalf of Plaintiff. Defendant Ravinder Singh appeared telephonically in pro per. Counsel Frank Chimienti appeared telephonically as an interpreter for Ravinder Singh. However, he informed the Court he was not Ravinder Singh's counsel of record in this case. Defendants Paramjit Singh and Dollar Tree Stores, Inc. did not appear.

On December 23, 2013, the Court issued a Scheduling Conference Order containing case management dates. (Doc. 20.) That same day, the Court issued an Order to Show Cause to Defendant Dollar Tree Stores, Inc., for its failure to appear at the Scheduling Conference. (Doc. 19.) The Court attempted to serve the Scheduling Order and Order to Show Cause on Defendants Ravinder Singh and Paramjit Singh, however, those orders were returned as undeliverable because the addresses listed with the Court for these Defendants was not accurate.

Pursuant to Local Rule 182(f), "[e]ach appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party." Local Rule 183(a) further provides that "[a]ll obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."[1]

Defendants Ravinder Singh and Paramjit Singh are ORDERED TO SHOW CAUSE, in writing, on or before **January 31**, **2014,** why this Court should not strike their Answer to Plaintiff's Complaint and enter default against them for failure to maintain a current address with the Court. *See, Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.1986) ("District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.")

The Clerk of Court is ORDERED to serve this Order on Defendants Ravinder Singh and Paramjit Singh at **both** of the following addresses:

5706 W. Shields Avenue
Fresno, CA 93722;

Chimienti Law Firm, a P.C.
PO Box 1991
Camarillo, CA 93011

IT IS SO ORDERED.

Dated:   **January 15, 2014**             /s/ *Barbara A. McAuliffe*
                                                               UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 183(b) provides that "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."