UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD MOORE,

                Plaintiff,

     vs.

DOLLAR TREE STORES, INC., *et al.*

               Defendants.

_____/

Case No. 1: 13-cv-01336-LJO-BAM

**ORDER ON THE PARTIES' MOTIONS TO COMPEL (DOC. 36, 37)**

## I.    INTRODUCTION

Plaintiff Ronald Moore filed this disability access lawsuit against Dollar Tree Stores, Inc. ("Dollar Tree") alleging that architectural barriers exist at one of its stores in violation of the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act ("Unruh Act), and the California Health & Safety Code. (Doc. 31). Plaintiff seeks injunctive relief under the ADA and statutory damages under the Unruh Act.

Two motions to compel further discovery responses are currently before the Court. (Doc. 36, 37.) Plaintiff moves to compel Dollar Tree to provided further responses to Plaintiff's interrogatories and request for production of documents. (Doc. 36.)  Plaintiff also moves for sanctions pursuant to Fed. R. Civ. P. 37.  *Id.*

Dollar Tree moves to compel Plaintiff to provide further responses to Dollar Tree's interrogatories and request for production of documents.  (Doc. 37.) Dollar Tree also seeks to compel Plaintiff's deposition.  Dollar Tree similarly moves for sanctions pursuant to Fed. R. Civ. P. 37.

The parties filed a joint discovery statement outlining the discovery requests at issue on May 9, 2014.  (Doc. 38.)  The Court deemed the matter suitable for decision without oral argument, and took the matter under submission pursuant to Local Rule 230(g). Having carefully considered the parties' joint statement, as well the entire record in this case, the Court issues the following Order.

## II.    SUMMARY OF DISCOVERY DISPUTE

As a preliminary matter, the parties' Motions to Compel request significant relief that, based on the parties' representations in their Joint Statement, is now moot. The parties represent that they have "eliminated all of Plaintiff's complaints regarding Dollar Tree's discovery responses as well as many of Dollar Tree's complaints regarding Plaintiff's discovery responses." Doc. 38: 6-10. Plaintiff's motion to compel, motion for sanctions, as well as Dollar Tree's motion to compel Plaintiff's deposition, are not otherwise mentioned in the parties' Joint Statement.  The aspects of the parties' motions to compel and for sanctions that are not discussed in the Joint Statement are DENIED. The remainder of the Court's discussion addresses the matters raised in the parties' Joint Statement.

At issue is a portion of Dollar Tree's written discovery requests to Plaintiff. The parties dispute the discoverability of three categories of information.  The first category consists of two contention interrogatories that request Plaintiff identify the areas of Dollar Tree's premises that violate the relevant disability access laws ("Contention Discovery").  The second category consists of one interrogatory and two requests for production of documents concerning prior lawsuits Plaintiff has filed that allege violations of disability access laws ("Prior Lawsuit Discovery").  The third and final category of disputed discovery consists of two interrogatories and one request for production of documents concerning Plaintiff's claim that removal of access barriers at Dollar Tree's premises is readily achievable ("Barrier Removal Discovery").

/././

2

### III.   DISCUSSION

**A.   Legal Standard**

Rule 26(b) of the Federal Rules of Civil Procedure provides that any non-privileged material "that is relevant to any party's claim or defense" is within the scope of discovery. The court may allow discovery of any material "relevant to the subject matter involved in the action," not just the claims or defenses of each party, if there is good cause to do so.  Fed. R. Evid. 401 defines "relevant evidence" as "evidence having any tendency to make existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402 provides that all relevant evidence is admissible except as otherwise provided by the U.S. Constitution, Act of Congress, or applicable rule of Federal Rules of Evidence.

Relevance requires only that the evidence have "any" tendency to prove or disprove "any" consequential fact.  This test incorporates two separate components: (1) Logical relevance, meaning the evidence must have some tendency, however slight, to make any fact more or less probable; and (2) Legal Relevance, meaning the evidence must relate to a fact "of consequence" to the case, i.e., will the "fact" that the evidence is offered to establish help in determining some issue in the case? *See, Guthrey v. California Dept. of Corrections and Rehabilitation, 2012* WL 2499938 (E.D. Cal. 2012), citing, Jones & Rosen, Federal Civil Trials and Evidence (2011) Evidence, para. 8:111, p. 8B–2. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 636 (C.D. Cal. 2005) (internal quotations and citations omitted.)

A responding party that objects to interrogatories or requests for production of documents is required to state objections with specificity.  Fed. R. Civ. P. 33(b)(4),  34(b)(2)(B).  If the party requesting discovery is dissatisfied with any of the responses, the party may move to compel further responses by informing the court "which discovery requests are the subject of [the] motion to compel, and, for each disputed response, inform the [c]ourt why the information sought is relevant and why [the opposing party's] objections are not justified." *Ellis v. Cambra*, No. 02-cv-5646 AWI (SMS), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008); *Brooks v. Alameida*, No. 03-cv-2343 JAM (EFB), 2009 WL 331358 (E.D. Cal. Feb. 10, 2009).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  "In each instance [of discovery], the determination whether ... information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

**B.**    **Dollar Tree's Contention Discovery**

    **1.**    **Interrogatory Number One**

**INTERROGATORY NO. 1:**
Identify each feature of the PREMISES YOU contend violates DISABILITY ACCESS LAWS.

**RESPONSE TO INTERROGATORY NO. 1:**
Plaintiff objects to this interrogatory as a premature contention interrogatory. Plaintiff further objects to this interrogatory on the ground that it improperly seeks expert opinion regarding conditions which may exist at the PREMISES in violation of DISABILITY ACCESS LAWS. Without waiving the foregoing objection, Plaintiff responds as follows: a) The exterior route of travel exceeds the maximum allowable cross slope in various locations. b) A properly configured accessible route is not provided within the site from accessible parking spaces and accessible passenger loading zones, public streets and sidewalks, and public transportation stops to the accessible building entrance. c) Curb ramp flares exceed the maximum allowable slope. d) Changes in vertical level along the exterior route of travel exceed the maximum allowable height. e) The building entrance door exceeds the maximum allowable opening force. f) The building entrance door exceeds the maximum allowable sweep speed. g) The men's restroom door hardware is not properly configured for accessibility. h) The flush controls on the water closet in the men's restroom are not located on the open side of the water closet. i) The water closet in the men's restroom is improperly configured and the seat is not positioned at the correct height. j) A properly configured accessible portion of the transaction counter at the designated accessible check-out aisle is not provided. k) Proper identifying signage is not provided at the designated accessible check-out aisle and the accessible check-out aisle is not kept open at all times the store is open. l) Proper wheelchair clearances are not provided and/or maintained along interior routes of travel. m) Defendant has a policy and practice of storing merchandise/products within the required accessible path of travel to the restroom.

Dollar Tree seeks clarification of Plaintiff's response in two respects.  First, Dollar Tree requests Plaintiff to specify how the water closet and transaction counter are "improperly configured."

4

Second, Dollar Tree requests Plaintiff to specify which interior routes of travel do not have proper wheelchair clearances.

The parties focus on Plaintiff's objection that this information prematurely calls for expert opinion. Dollar Tree argues Plaintiff's response is not sufficiently detailed to identify the barriers at issue. Plaintiff responds he has identified the barriers at issue, and that further detail concerning how these barriers specifically violate the relevant disability access laws are the subject of expert testimony. Both parties rely on *Oliver v. Ralphs Grocery Company*, 654 F.3d 903, 906 (9th Cir. 2011).

In *Oliver*, a disabled grocery store patron brought an action against the owner of a grocery store and the owner of a retail center in which store was located, alleging violations of the ADA and state law. The plaintiff's initial complaint identified 18 separate architectural barriers encountered by the plaintiff. *Id.* at 905. During the pre-trial scheduling conference, the plaintiff "stated his intention to amend his complaint to allege the existence of additional architectural features at the store which violated the ADA." *Id.* The parties agreed to a deadline to file amended pleadings, and the magistrate judge issued a scheduling order. *Id.* at 906.

The plaintiff, however, did not seek to amend the complaint by the deadline set forth in the scheduling order. *Id.* After the deadline had passed, the plaintiff filed a motion to modify the scheduling order and a motion to amend the complaint to identify additional barriers. The motions were denied by the district court because the plaintiff had failed to show good cause to modify the scheduling order as required pursuant to Federal Rule of Civil Procedure 16(b). *Id.* Four months later, the plaintiff filed an "expert report" identifying additional barriers at defendants' facility. *Id.*

The district court, in granting summary judgment in favor of defendants, ruled that it would not consider the barriers listed in the plaintiff's expert report that were not pled in the complaint "because they were not properly before the court." *Id.* The Ninth Circuit affirmed this ruling, finding that the plaintiff "did not give the defendants fair notice that the barriers listed for the first time in the expert report were grounds for his claim of discrimination under the ADA." *Id.* at 908. The Ninth Circuit held that "a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination

5

under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere." *Id.* at 909.

*Oliver* establishes that a plaintiff cannot seek relief under the ADA for barriers that are not identified in the complaint. However, *Oliver* does not concern the level of specificity with which these barriers must be disclosed in discovery responses. Indeed, *Oliver* stated that "only disclosures of barriers in a properly pleaded complaint can provide such notice; a disclosure made during discovery, including in an expert report, would rarely be an adequate substitute." *Id.* at 909. Dollar Tree does not argue Plaintiff's complaint fails to identify these barriers. Thus, *Oliver* has little bearing on the discovery dispute at issue.

Plaintiff's response that the water closet and transaction counter are improperly configured is adequate. Interrogatory Number One does not request Plaintiff provide specific detail to support his contentions that certain portions of the premises present unlawful barriers. Rather, the interrogatory requests Plaintiff to "identify each feature of the PREMISES [Plaintiff] contend violates DISABILITY ACCESS LAWS." Plaintiff's answer is sufficiently responsive to this request.

However, Plaintiff's response that "[p]roper wheelchair clearances are not provided and/or maintained along interior routes of travel," is not adequate to put Dollar Tree on notice of Plaintiff's claims. Dollar Tree is left to wonder, first, what "interior routes of travel" actually refers to; and second, which interior routes are allegedly deficient. Dollar Tree is entitled to know which aspects of its premises are being challenged. Plaintiff must supplement his response and identify which "interior routes of travel" are inadequate.

Accordingly, the Court GRANTS Dollar Tree's Motion to Compel further responses to Interrogatory Number One in part.

**2.      Interrogatory Number 2**

**INTERROGATORY NO. 2:**
For each feature of the PREMISES YOU contend violates DISABILITY ACCESS LAWS, specify each statute, regulation and/or standard that YOU contend that feature violates.

6

**RESPONSE TO INTERROGATORY NO. 2:**

> Plaintiff objects to this interrogatory on the grounds it improperly seeks the legal reasoning and theories of plaintiff's contentions. Plaintiff is not required to prepare the defendant's case. Plaintiff further objects to this interrogatory on the grounds that it improperly seeks expert and/or legal opinions.

The parties primarily dispute whether this interrogatory improperly calls for Plaintiff's legal conclusions. Dollar Tree contends the interrogatory does not call for a legal conclusion, but rather, seeks to identify which barriers are alleged to violate a given disability access law. Plaintiff responds that a request to state which barriers violate which law calls for Plaintiff's counsel's legal theories.

Presumably, Plaintiff's "legal theories" objection is an assertion of the attorney work-product privilege. The work product doctrine is incorporated into Federal Rule of Civil Procedure 26(b)(3)(A), which states: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by of for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." *See, In re Grand Jury Subpoena,* 357 F.3d 900, 906 (9th Cir. 2004) (quoting *Admiral Ins. Co. v. U.S. Dist. Court,* 881 F.2d 1486, 1494 (9th Cir.1989)). The plain language of Rule 26 limits the scope of the attorney work product doctrine to documents and tangible things, not the underlying facts. *Hamilton v. RadioShack Corp.,* 2012 WL 2327191 (N.D. Cal. 2012) ("the work product doctrine does not protect the facts of a particular claim"); *Fox v. California Financial Services,* 120 F.R.D. 520, 530 (N.D. Cal. 1988) ("In the present case, however, the interrogatories seek only the facts on which defendants intend to rely and not documents containing defendants' attorney's thought processes."). Additionally, Fed. R. Civ. P. 33(a)(2) states that "an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."

Here, the interrogatory asks for an application of law (disability law) to fact (which features of the premises). This information is discoverable under Fed. R. Civ. P. 26 and 33(a)(2). Dollar Tree is entitled to know what laws Plaintiff claims are being violated. Moreover, Plaintiff's contentions as to what facts give rise to a particular violation are not protected by the work-product privilege. The Court GRANTS Dollar Tree's Motion to compel further response to Interrogatory Number 2.

**C.      Dollar Tree's Prior Lawsuit Discovery**

Dollar Tree propounded the following discovery to identify Plaintiff's prior lawsuits where unlawful barriers to access public accommodations were alleged:

**INTERROGATORY NO. 14:**
IDENTIFY any lawsuits that YOU have filed or intend to file in California regarding the lack of ACCESS to public accommodations (include docket number and filing date).

**RESPONSE TO INTERROGATORY NO. 14**:
Plaintiff objects to this interrogatory on the grounds that it is not likely to lead to the discovery of admissible evidence. Plaintiff further objects to this interrogatory on the grounds that it seeks information which is a matter of public record that therefore equally available to Defendant. Plaintiff further objects to this interrogatory on the grounds that it seeks information protected by the attorney client privilege, specifically information regarding any intention of filing a future lawsuit.

**REQUEST FOR PRODUCTION NO. 17:**
DOCUMENTS sufficient to IDENTIFY all lawsuits filed by YOU or on YOUR behalf in California that allege any violations of DISABILITY ACCESS LAWS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**
Plaintiff objects to this request on the grounds that the information sought is irrelevant to the subject matter of this action and not likely to lead to the discovery of admissible evidence, and that any probative value in the request is outweighed by the burden on Plaintiff in responding. Plaintiff further objects to this request on the grounds that it seeks documents equally available to Defendant through public records.

**REQUEST FOR PRODUCTION NO. 18:**
Copies of all lawsuits filed by YOU or on YOUR behalf in California that allege any violations of DISABILITY ACCESS LAWS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**
Plaintiff objects to this request on the grounds that the information sought is irrelevant to the subject matter of this action and not likely to lead to the discovery of admissible evidence, and that any probative value in the request is outweighed by the burden on Plaintiff in responding. Plaintiff further objects to this request on the grounds that it seeks documents equally available to Defendant through public records.

Dollar Tree argues Plaintiff's prior lawsuits are discoverable because it is relevant to Plaintiff's intent to return to the Dollar Tree location.  Dollar Tree argues Plaintiff's intent to return to the Dollar

Tree location is relevant because an ADA plaintiff does not have standing to seek injunctive relief if he has no intention of returning to the premises.  Dollar Tree cites numerous cases holding that a plaintiff's status as a "serial ADA litigant" detracts from his credibility concerning his intent or desire to return to the non-complaint establishment.

To demonstrate standing to pursue injunctive relief in an ADA suit, a plaintiff must establish a "real and immediate threat of repeated injury." *Fortyune v. American Multi–Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), and *O'Shea v. Littleton*, 414 U.S. 488, 496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)). This requirement has been interpreted as requiring the plaintiff demonstrate his intent to return to the premises, or that Plaintiff would return to the premises if it were made accessible.  *D'Lil v. Best Western Encina Lodge & Suites,* 538 F.3d 1031, 1037 (9th Cir. 2008).

The controlling authority on the relevance of prior ADA lawsuits to an ADA plaintiff's standing is the Ninth Circuit's decision in *D'Lil v. Best Western Encina Lodge & Suites,* 538 F.3d 1031 (9th Cir. 2008). In *D'Lil,* a disabled hotel patron brought suit against a hotel under the ADA. The district court dismissed D'lil's complaint, *sua sponte*, for lack of standing.  The standing issue with which the district court was concerned was whether D'Lil had a "legitimate intent to return" to the hotel at the time that the complaint was filed.  *Id.* at 1035.  The district court found that D'Lil failed to provide evidence of her intent to return to the hotel, and further, expressed skepticism that D'Lil would be able to establish standing even if she had provided such evidence because her involvement in multiple ADA suits detracted from her credibility.  *Id.*

The Ninth Circuit reversed.  In so doing, the Ninth Circuit rejected the district court's finding that D'Lil lacked credibility solely because she was a frequent ADA plaintiff.  *Id.* at 1039.  *D'Lil* strongly suggests that a plaintiff's status as a serial ADA litigant, in and of itself, cannot be relied upon to find that an ADA plaintiff does not intend to return to the challenged premises:

> The attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants our most careful scrutiny. *See, e.g., Outley v. City of New York,* 837 F.2d 587, 592 (2d Cir.1988). This is particularly true in the ADA context where, as we recently explained, the law's provision for injunctive relief only "removes the

incentive for most disabled persons who are injured by inaccessible places of public accommodation to bring suit.... As a result, most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled.... For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." M*olski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir.2007) (citing Samuel R. Bagnestos, The Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation, 54 U.C.L.A. L.Rev. 1, 5 (2006)). Accordingly, we must be particularly cautious about affirming credibility determinations that rely on a plaintiff's past ADA litigation.[1]

*Id.* at 1039.

Nevertheless, whether this Court may use Plaintiff's litigation history in its standing determination, and whether Plaintiff's litigation history is relevant and discoverable, are two very different issues.  While Plaintiff's litigation history may not have the direct relevance contemplated by Dollar Tree, Plaintiff's litigation history is discoverable because it is "evidence having any tendency to make existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See,* Fed. R. Civ. P. 26(b); Fed. R. Evid. 401. For example, deposition questions posed to Plaintiff based on Plaintiff's litigation history may yield evidence concerning Plaintiff's intent to return to the Dollar Tree location. After reviewing Plaintiff's litigation history, Dollar Tree may inquire whether Plaintiff *in fact* returned to those locations. Whether Plaintiff in fact frequents the establishments he previously sued under the ADA may produce relevant evidence concerning Plaintiff's intent to return to the Dollar Tree location.

However, under *D'Lil*, the relevance of Plaintiff's prior ADA lawsuits is marginal.  Thus, the Court must balance Dollar Tree's need for this information with Plaintiff's burden in producing this information.  This Court finds such a balance is struck by requiring plaintiff identify his prior ADA lawsuits, while denying Dollar Tree's request for documents concerning these lawsuits.  Once Dollar Tree is aware of the existence of these lawsuits, the documents relating to those lawsuits are equally available to Dollar Tree.

---

[1] Dollar Tree cites numerous district court cases taking a contrary position. However, these cases were either decided before *D'Lil*, or otherwise failed to address the *D'Lil* decision.

Accordingly, the Court GRANTS Dollar Tree's Motion to compel further responses to Interrogatory Number 14.[2]  The Court DENIES Dollar Tree's Request for Production Number 17 and 18.

**D.     Dollar Tree's Barrier Removal Discovery**

Dollar Tree propounded the following discovery seeking to identify Plaintiff's contentions that removal of Dollar Tree's access barriers are readily achievable:

**INTERROGATORY NO. 21:**
Describe, in specific terms, YOUR readily achievable barrier removal
proposal to fix the barriers YOU allege exist at the PREMISES.

**RESPONSE TO INTERROGATORY NO. 21:**
Plaintiff objects to this interrogatory on the grounds that it prematurely calls
for expert opinion. If applicable, this information may be disclosed in Plaintiff's
expert disclosure, which disclosure should be deemed responsive to this
interrogatory. Plaintiff further objects to this interrogatory on the grounds that it
improperly seeks to place the burden of Defendant's affirmative defense on Plaintiff,
as it is Defendant's burden of production on its affirmative defense to establish that
any requested barrier removal is not readily achievable, at which point the burden
shifts to Plaintiff to rebut the defense.

**INTERROGATORY NO. 22:**
State ALL facts supporting YOUR contention that it is readily achievable to
remove the barriers YOU allege exist at the PREMISES.

**RESPONSE TO INTERROGATORY NO. 22:**
Plaintiff objects to this interrogatory on the grounds that it prematurely calls
for expert opinion. Without waiving the foregoing objection, Plaintiff responds that
removal of the identified barriers is easily accomplishable without much difficulty
or expense, especially in light of the tremendous financial resources available to
Defendant which are a matter of public record as Defendant is a publicly traded
company. Reviewing Defendant's publications from its website (which information
and publications are more available to Defendant), Plaintiff responds that Defendant
claims to be very successful and profitable. Plaintiff further responds that removal
of the identified barriers will cause no other hardship to Defendant.

**REQUEST FOR PRODUCTION NO. 9:**
ALL DOCUMENTS regarding, referring to, relating to, encompassing, or

---

[2] The Joint Statement represents that "Dollar Tree is only moving to compel Plaintiff to disclose lawsuits he has already filed, and not those he merely intends to file in the future." Doc. 38, 8, fn. 1. The Court grants Dollar Tree's motion to compel its Prior Lawsuit Discovery for prior lawsuits only.

comprising YOUR claim that corrections of the alleged ACCESS barriers at the PREMISES are readily achievable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**
Plaintiff objects to this request on the grounds that it is unintelligible in seeking documents regarding barriers that are readily achievable. Assuming Defendant intended to ask about barriers that are readily achievable to remove, Plaintiff objects to this request on the grounds that it prematurely seeks expert opinion. Plaintiff further objects to this request on the grounds that the information sought is in the possession and control of Defendant, namely Defendant's financial information which is, in large part, also a matter of public record. Plaintiff further objects to this request on the grounds that it improperly seeks to place the burden of Defendant's affirmative defense on Plaintiff, as it is Defendant's burden of production on its affirmative defense to establish that any requested barrier removal is not readily achievable, at which point the burden shifts to Plaintiff to rebut the defense.

The parties present two arguments concerning these requests.  First, the parties dispute which side bears the initial burden of demonstrating that removal of the subject barriers is readily achievable.  Second, the parties dispute whether these requests call for expert opinion testimony.

It is irrelevant which side bears the initial burden of demonstrating that removal of the subject barriers is readily achievable.  For discovery purposes, the only inquiry is whether information concerning the feasibility of removing these barriers is relevant to the claims and defenses of the parties.  Neither Plaintiff, nor Dollar Tree disputes this information is relevant.

This Court concludes that opinions as to whether removal of the subject barriers can be readily achieved calls for an expert's opinion.  Rule 26(b).  Answering this inquiry may require, for example, specific expert knowledge in finance, construction, as well as ADA compliance.  This information is properly obtained from Plaintiff's expert, not Plaintiff.

Dollar Tree's Motion to Compel further responses to its Barrier Removal Discovery is DENIED.

**E.     Dollar Tree's Request for Sanctions**

Dollar Tree moves for sanctions pursuant to Federal Rule of Civil Procedure 37.  Rule 37 provides that if a motion to compel discovery is granted, or if the requested discovery is provided after the motion was filed, the court must require the party whose conduct necessitated the motion, or the attorney advising the conduct, or both, to pay for the movant's reasonable expenses incurred in making

the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A). Rule 37 clarifies that the court "must not order this payment" if the opposing party's nondisclosure was "substantially justified" or circumstances exist that "make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(ii)-(iii). \

This Court finds that sanctions are not warranted.  The record indicates Plaintiff responded to Dollar Tree's discovery requests in good faith. The Court has denied more than half of Dollar Tree's requests; thus, Plaintiff's nondisclosure was substantially justified, and an award of expenses would otherwise be unjust. Dollar Tree's request for sanctions is DENIED.

### IV.   CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

1. Dollar Tree's Motion to Compel further responses to Interrogatory Number 1 is GRANTED IN PART;

2. Dollar Tree's Motion to Compel further responses to Interrogatories Number 2 and 14 is GRANTED;

3. Dollar Tree's Motion to Compel further responses to Interrogatories Number 21 and 22 is DENIED;

4. Dollar Tree's Motion to Compel further responses to Request for Production of Documents Number 9, 17 and 18 is DENIED;

5. The remainder of Dollar Tree's Motion to Compel is DENIED;

6. Dollar Tree's Motion for sanctions is DENIED;

7. Plaintiff's Motion to Compel is DENIED;

8. Plaintiff's Motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated:   __May 16, 2014__                    __/s/ Barbara A. McAuliffe__
                                             UNITED STATES MAGISTRATE JUDGE

13