# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOLLAR TREE STORES INC. dba DOLLAR TREE; PARAMJIT SINGH; RAVINDER SINGH,<br><br>　　　　Defendants. | 1:13-cv-01336 LJO BAM<br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS (Doc. 45-2 & 48-1) and DEFENDANT'S EVIDENTIARY OBJECTIONS (Doc. 47-9 & 46-2) |

　　　Plaintiff objects to Marita Henton's Declarations, Docs. 44-2 and 46-5 ("Henton Decls."), filed in support of Defendant Dollar Tree's Motion for Summary Judgment on the basis that: a) Henton failed to establish personal knowledge of the facts, b) Henton did not provide a requisite factual basis for her testimony, and c) photographic exhibits are not authenticated. Doc. 45-2; Doc. 48-1.[1] Defendant objects to portions of Geoshua Levinson ("Levinson Declaration"), Matthew Dellepere ("Dellespere Declaration"), Kelly Bray and Plaintiff Ronald Moore' declarations, Docs. 45-3 through 45-9 & Docs 43-3 through 43-6, on the basis that they lacked foundation and are irrelevant. Doc. 46-2 # 1-6; Doc. 47-9 # 2-4. The Court has reviewed the record and OVERRULES these objections. The declarations sufficiently establish personal knowledge of the factual bases for the testimony presented. Moreover, the Court finds that the photographic exhibits are sufficiently authenticated.[2]

　　　Plaintiff also objects to exhibits and portions of Henton's declarations that rely on information that

---

[1] A third declaration, Doc. 47-1, was filed in support of Dollar Tree's Reply to its Motion for Summary Judgment. However, Plaintiff has not objected to this declaration.

[2] Under Rule 901(a) of the Federal Rules of Evidence, an item is admissible only where the proponent "produce[s] evidence sufficient to support a finding that the item is what the proponent claims it is." The Ninth Circuit "has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994) (internal citation and quotation omitted). For example, under Rule 901(b)(4), the document's appearance, contents, or substance, "taken together with all the circumstances," may suffice to authenticate the document. Moreover, "the evidence presented at the summary judgment stage does not yet need to be in a form that would be admissible at trial," but rather, the proponent need only "set out facts that it will be able to prove through admissible evidence." *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010).

was not disclosed until after the close of discovery. Doc. 45-2 at 4-7; Doc. 48-1 at 4-7. Plaintiff moves for sanctions under Fed. R. Civ. Pro. 37(c). *Id.* Defendant objects to the Levinson and Dellepere Declarations and their exhibits on the same basis. 47-9 # 1. These objections are inter-related and concern evidence that is relevant to pending cross-motions for summary judgment. Doc. 43 & 44.

# I. LEGAL BACKGROUND

Rule 26 requires that parties supplement initial disclosures and responses to requests in a timely manner or as ordered by the Court. Fed. R. Civ. P. 26 (e). Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1). The Ninth Circuit has held that it gives district courts "wide latitude" to issue sanctions under Rule 37(c)(1) because the rule was intended to "provide a strong inducement for disclosure of material." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir.2001) (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)). "[E]ven absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." *Id.* If the sanction amounts to a dismissal of a claim, a court must consider "whether the claimed noncompliance involved willfulness, fault, or bad faith" and also must consider lesser sanctions." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012) (internal quotations omitted).

# II. DISCUSSION

In this case, disclosure of all factual information was cut-off by order of the Court as of May 23, 2014. Doc. 20. All expert opinion materials were due August 15, 2014. *Id.* In April 2014, both parties filed motions to compel further discovery responses. Docs. 36- 38. The Court ruled on these Motions on May16, 2014 and compelled Plaintiff to supplement its responses to certain interrogatories. Doc. 41. Notably, the parties did not request that the Court alter discovery deadlines in the context of the dispute, in response to the Court's resolution of the dispute, *or at any time during the course of this litigation*.

Nevertheless, both sides admit to supplementing the factual record on numerous occasions after the

close of discovery. Doc. 53 at 2 (Plaintiff recounts serving supplemental disclosures on July 23, 2014); Doc. 47-4 at 2 (Defendant recounts supplementing its discovery responses on October 3, 2014). The parties also conducted at least one deposition that disclosed factual information after the cut-off date. *See* Deposition of Marita Henton, Doc. 47-8 (deposition of Dollar Tree Manager occurred July 15, 2014). Both sides have transgressed.

Plaintiff claims that he will be significantly prejudiced if Henton's declarations are admitted because he has been unable to verify her claims. Doc. 48-1 at 6. This is a legitimate objection. However, excluding all factual evidence submitted after the close of discovery would have the unjust effect of precluding a large amount of evidence vital to the parties' abilities to litigate this case. Thus, the Court finds that exclusionary sanctions would not serve party or judicial economy. Instead, the Court ORDERS that the factual discovery period be re-opened for the limited purpose of allowing Plaintiff to conduct an inspection of the facility as outlined below.

### III. CONCLUSION AND ORDER

Plaintiff (or his agent) may conduct an inspection of the facility at any time within during normal business hours within SEVEN (7) days of this Order. Should Plaintiff require assistance from Defendant, Plaintiff shall provide 24 hours' notice of the assistance that is required. Defendant shall comply with all reasonable requests for assistance. Plaintiff shall serve upon Defendant supplemental disclosures/responses based upon this visit within THREE days' time of the visit. In light of any supplemental disclosures/responses, the Parties shall each be allowed to file a single supplemental brief no longer than seven (7) pages in length. Any such supplemental briefs must be filed within FOURTEEN DAYS of this Order.

IT IS SO ORDERED.

Dated: **December 9, 2014**  /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE